IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**SCOTT SWANSON**
W7517 Sleepy Eye Road
Minong, Wisconsin  54859

      Plaintiff,

      Case No.: 16-cv-705

vs.

**EPIC SYSTEMS CORPORATION**      JURY TRIAL DEMANDED
c/o Registered Agent
Judith R. Faulkner
1979 Milky Way
Verona, Wisconsin 53593

      Defendant.

---

## COMPLAINT

---

Plaintiff, Scott Swanson, through his attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Colin B. Good, for his Complaint against the Defendant, Epic Systems Corporation, states as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action under the Age Discrimination in Employment Act, as amended 29 U.S.C. § 621, *et seq.* to redress the denial of Plaintiff's employment based on his age.

### JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the ADEA, 29 U.S.C. § 621 *et seq.*

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) because all acts or omissions giving rise to this claim occurred in this district at Defendant's office located in Verona, Wisconsin.

4. Plaintiff timely filed a charge of discrimination with the State of Wisconsin Department of Workforce Development, Equal Rights Division on May 8, 2015. Prior to filing this Complaint, Plaintiff obtained a Notice of Right to Sue from the Equal Employment Opportunities Commission, which is dated July 26, 2016, but which he received on July 28, 2016. This Complaint is filed within 90 days of his receipt of the Notice.

## PARTIES

5. Plaintiff, Scott Swanson ("Swanson"), is an adult resident of the State of Wisconsin, residing at W7517 Sleepy Eye Road, Minong, Wisconsin 54859.

6. Defendant, Epic Systems Corporation ("Epic"), is a domestic corporation with its principal office located at 1979 Milky Way, Verona, Wisconsin 53593.

7. Epic's registered agent for service of process is Judith R. Faulkner, 1979 Milky Way, Verona, Wisconsin 53593.

8. At all relevant times, Epic has continuously been an employer within the meaning of 29 U.S.C. § 630(b).

9. At all relevant times, Epic has been engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 630(h).

## ALLEGATIONS

10. Swanson, who was born in 1970, applied for a trainer position with Epic on October 5, 2014.

11. The trainer position is responsible, in part, for providing instruction on the use of Epic's software to its customers and employees. Trainers who provide this instruction must be skilled presenters, capable of readily building rapport with trainees and imparting to them substantial information about complex subject matters in a relatively short period of time.

12. At the time of his application, Swanson had been teaching in the same school for ten (10) consecutive years and held three (3) separate advanced degrees in education, including a Bachelor's degree in creative writing and English education, a Master's degree in curriculum and instruction, and a Doctor of Education degree in educational leadership.

13. Tanya Bui ("Bui), a recruiter for Epic, received and reviewed Swanson's employment inquiry, which he had submitted through Epic's website.

14. Bui evaluated Swanson's inquiry and learned that he had been continuously employed as a teacher in the same school for ten (10) years and held three (3) advanced degrees in education. Swanson's inquiry also mentioned that he started college in 1988.

15. Based on that experience, and Swanson's satisfaction of Epic's other preliminary hiring criteria for the training position, Bui scheduled a phone interview between Swanson and another recruiter.

16. Swanson's phone interview took place on October 13, 2014, in which he discussed his education and employment history.

17. As a result of the phone interview, Bui advanced Swanson to an on-campus interview in order to witness an in-person demonstration of his teaching skills.

18. In advance of his on-campus interview, Swanson submitted a resume that described his professional background in greater detail, including his publications and services to the community, in addition to his educational and work histories.

19. On October 31, 2014, Swanson participated in an on-campus presentation to a panel of three (3) Epic personnel. The presentation was an opportunity for Epic to assess Swanson's training style and teaching abilities, among skill sets.

20. Swanson's scores on the training panel exceeded Epic's required threshold to be considered for employment.

21. Based on his performance before the training panel, and combined with his teaching experience and expertise, Bui recommended that Swanson be offered a position in Epic's training group.

22. Epic's hiring manager for non-technical roles approved the decision based on Bui's recommendation at the recruiting team's hiring decisions meeting for the week of November 10, 2014.

23. Bui shared Epic's decision to hire Swanson with him on November 14, 2014. Bui also sent Swanson a link to a website that contains information about Epic's benefits package.

24. Bui indicated that Epic did not have his salary information at that time but would provide it within the next week.

25. At this stage, no fewer than two (2) recruiters, a hiring manager, and a panel composed of three (3) current Epic employees agreed that Swanson was qualified for the trainer position based on his superior credentials and demonstrated skills as an educator and public speaker.

26. On November 17, 2014, Allison Stroud, ("Stroud"), Epic's Recruiting Director, reviewed Swanson's candidacy, including the information contained on his application that he had started college in 1988.

27. As a result of this review, Stroud made the determination that Swanson had a "jumpy" work history, and was therefore unqualified for the position.

28. Curiously, the position description for the trainer position does not indicate that an applicant have a consistent work history as a requirement for the position. Instead, the position description only requires, among others, a "[h]istory of academic and professional success."

29. Stroud instructed Bui to call Swanson and revoke Epic's preliminary offer of employment.

30. On November 17, 2014, Bui called Swanson and indicated that he no longer satisfied Epic's hiring criteria.

31. Epic hired a candidate under the age of forty (40) into the trainer position for which Swanson had applied.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, *et seq.*

32. Swanson re-alleges and incorporates herein by reference the above paragraphs.

33. In acting as described above, Epic has discriminated against Swanson on the basis of his age, in violation of the Age Discrimination in Employment Act.

34. Swanson has sustained lost wages and benefits as well as front pay as a result of Epic's unlawful conduct.

35. The acts of Epic herein alleged were carried out maliciously or with reckless disregard for Swanson's rights.

## RELIEF REQUESTED

WHEREFORE, Swanson demands judgment against Epic, ordering:

A. Appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Epic's unlawful employment practices, including but not limited to reinstatement and/or front pay;

B. Liquidated damages resulting from the unlawful employment practices complained of in the paragraphs above, in an amount to be determined at trial;

C. An award of reasonable attorney's fee, including litigation expenses, and costs; and

D. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Swanson requests a trial by jury on all issues permitted to be tried to a jury.

Dated this 25th day of October, 2016.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Scott Swanson*

        By: */s/ Nicholas E. Fairweather*
        Nicholas E. Fairweather, State Bar No. 1036681
        Email: nfairweather@hq-law.com
        Colin B. Good, State Bar No. 1061355
        Email: cgood@hq-law.com
        222 West Washington Avenue, Suite 450
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236