# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT SWANSON,

       Plaintiff,                              Case No.: 16-cv-705

v.

EPIC SYSTEMS CORPORATION,

       Defendant.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Epic Systems Corporation
         c/o Attorneys Amy O. Bruchs and Holly E. Courtney
         Michael Best & Friedrich, LLP
         One South Pinckney Street, Suite 700
         P. O. Box 1806
         Madison, WI 53701-1806

## GENERAL AND CONTINUING OBJECTIONS

1.      Plaintiff objects to the extent that the Interrogatories and/or Requests for Production of Documents seek disclosure of anything within the scope of the attorney-client privilege, work product doctrine, or any other privilege or limitation on discovery recognized by law. In the event any privileged information is disclosed by Plaintiff in connection with these responses, such disclosure is inadvertent, unknowing, and does not constitute a waiver of such privilege.

2.      Plaintiff objects to the extent that these Interrogatories and/or Requests for Production of Documents seek information or documents that are

irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the extent that these Interrogatories and/or Requests for Production of Documents are overly broad, unduly burdensome, or appear to be proffered merely for the purpose of annoyance, harassment or to cause undue burden and expense.

4. Plaintiff objects to any conditions, instructions, statements, terms, definitions, or requirements contained in Defendant's discovery that seek to modify the obligations set forth by federal law. All such conditions, instructions, statements, terms, definitions, or requirements are not accepted and have been disregarded.

5. Plaintiff's responses contained herein are based upon the information available to Plaintiff as of the date these responses are signed by counsel. Plaintiff reserves the right to supplement or amend these responses to the full extent allowed by law, and as required by Fed. R. Civ. P. 26(e).

6. Plaintiff objects to the use of "all," "every," "each," "any," and similar terms as overly broad and unduly burdensome. Plaintiff will make a reasonable search of the information and documents available to him for responsive, non-privileged information and documents.

7. Plaintiff objects to the extent that any requests require knowledge that Plaintiff does not possess.

8. The above-stated objections are general and continuing in nature. They are incorporated into each response below, as if fully stated therein. The general and continuing objections shall be construed alongside and in addition to any specific objections stated below.

Subject to the forgoing General and Continuing Objections and without waiver of same, Plaintiff responds to Defendant's First Set of Interrogatories and Requests for Production of Documents as follows:

## INTERROGATORIES

INTERROGATORY NO. 1. Identify all persons with knowledge or information related to the allegations in your Complaint.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Further objection to the extent that Plaintiff is without foundation to assert the substance and subject matter known to each of the individuals listed below, but maintains generally that each of these individuals has an understanding of the allegations contained in his Complaint. Finally, this Interrogatory is duplicative as Plaintiff previously provided a list of individuals with knowledge or information related to the Complaint in his initial 26(a) disclosures. Subject to and without waiving these or general objections, please see the individuals identified in Plaintiff's initial disclosures. Plaintiff also spoke with Chad Harnisch and Dr. Stu Carrier, and asked them to serve as references for his application for the trainer position.

3

INTERROGATORY NO. 2. Identify all persons from whom you have received statements (oral or written) relating to the allegations set forth in the Complaint.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege or the work product doctrine. Without waiving any general or specific objections, Plaintiff has not obtained any statements relating to the allegations in his Complaint.

INTERROGATORY NO. 3. Identify all persons with whom you had any communication about the allegations in the Complaint and/or the facts allegedly supporting your Complaint, excluding any privileged communications, and provide a brief statement regarding the scope of your communication(s) with each person.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, is designed to harass and seeks information protected as work product. Further objection to the extent that Plaintiff is without foundation to assert the substance and subject matter known to each of the individuals listed below. Subject to and without waiving these and general objections, Plaintiff has had communications about his application, interview process, hiring, and the rescinding of his employment offer with his wife, Elizabeth Swanson, friend Steve Bennett, sister Kristin Swanson, and father Joel Swanson.

INTERROGATORY NO. 4. Identify and describe in detail those damages that you claim you have suffered as a result of Defendant's act(s), including

identifying the nature of the damages, the amount of the damages claimed and the manner in which the damages are calculated.

RESPONSE: Plaintiff objects to this Interrogatory as duplicative of Plaintiff's initial disclosures. Subject to and without waiving this and general objections, Plaintiff states his damages, from November 17, 2014 to the date these Interrogatories are signed, as follows:

Back Pay: Presuming a salary of $52,000.00 from November 17, 2014 to the present, Plaintiff is owed $137,800.00 in salary back pay. Plaintiff's interim earnings during this period total $65,820.90 ($11,880.00 from National-Louis University and $53,940.90 to date from Northwest Passage Ltd.) To date, Plaintiff's back pay less interim earnings amounts to $71,979.10. Plaintiff is also owed the value of all benefits available in the trainer position.

Liquidated Damages: To be determined by a jury.

Attorneys' Fees and Costs to Date: $10,000.00.

INTERROGATORY NO. 5. Identify each applicant who you allege was similarly situated to you, but treated more favorably than you regarding the alleged discriminatory conduct.

RESPONSE: Plaintiff objects to this Interrogatory as vague, seeking information already within Defendant's possession and calling for a legal conclusion. Further, as Defendant has redacted the names of the other applicants for the Trainer position in its production of discovery, Plaintiff is unable to identify similarly situated employees by name. Subject to and without waiving these and

general objections, Plaintiff identifies all applicants younger than Plaintiff and with less relevant experience who were selected for a trainer position. Discovery is ongoing.

INTERROGATORY NO. 6. For each individual identified in Interrogatory No. 5, describe in detail how each was treated more favorably than you.

RESPONSE: Plaintiff objects to this Interrogatory as vague, seeking information already within Defendant's possession and calling for a legal conclusion. Further, as Defendant has redacted the names of the other applicants for the Trainer position in its production of discovery, Plaintiff is unable to identify similarly situated employees by name. Subject to and without waiving these and general objections, these individuals were treated more favorably than Plaintiff because they were offered positions with Epic as trainers. Discovery is ongoing.

INTERROGATORY NO. 7. Identify all employers with which you attempted to secure employment from November 2014 to the present, and for each such employer, identify the position applied for, the date you applied and the employer's name, address and telephone number, and the result of the attempt.

RESPONSE: Plaintiff is unable to recall every place he applied for and/or sought employment from November 2014 to present. To the best of his recollection, Plaintiff applied for/sought employment as follows:

1. University of Wisconsin La Crosse
   1725 State Street
   La Crosse, WI 54601
   Position: Lecturer – Educational Foundations;

2. Hamline University
   1536 Hewitt Avenue
   St. Paul, MN 55104
   Position: Assistant Professor – Foundations of Education;

3. University of Wisconsin Superior
   1605 Catlin Avenue
   Superior, WI 54880
   Position: Associate Professor - School of Education;

4. National-Louis University
   12000 West Park Place, Suite 100
   Milwaukee, WI 53224
   Position: Instructor;

5. New Mexico State University
   1780 East University Avenue
   Las Cruces, NM 88003
   Position: Assistant/Associate Professor;

6. University of South Maine
   96 Falmouth Street
   Portland, ME 04103
   Position: Lecturer in Teacher Education;

7. Mount Horeb School District
   1304 East Lincoln Street
   Mount Horeb, WI 53572
   Position: Assistant Principal;

8. Middle Tennessee State University
   1301 East Main Street
   Murfreesboro, TN 37132
   Position: Education, Tenure-Track Faculty;

9. Klamath Community College
   7390 South 6th Street
   Klamath Falls, OR 97603
   Position: 9 Month Faculty Education;

10. Sun Prairie Area School District
    501 South Bird Street
    Sun Prairie, WI 53590
    Position: Teacher on Special Assignment/Dean of Students;

11. University of Louisville
    2301 South 3rd Street
    Louisville, KY 40208
    Position: Associate Professor Higher Education;

12. Ferris State University
    1201 South State Street
    Big Rapids, MI 49307
    Position: Assistant/Associate Professor of Development Curriculum;

13. Roger Williams University
    1 Old Ferry Road
    Bristol, RI 02809
    Position: Visiting Assistant Professor of Education;

14. Heritage University
    3240 Fort Road
    Toppenish, WA 98948
    Position: Professor – Education;

15. Herzing University
    5218 East Terrace Drive
    Madison, WI 53718
    Position: Dean of Students/Associate Professor;

16. Great Lakes
    2401 International Lane
    Madison, WI 53704
    Position: Associate Creative Director/Copy;

17. Salem State University
    352 Lafayette Street
    Salem, MA 01970
    Position: Faculty - School of Education (Higher Education/Student Affairs);

18. Massachusetts College of Liberal Arts
    375 Church Street
    North Adams, MA 01247
    Position: Post-Doctoral Fellow/Instructor;

19. Pikes Peak Community College
    5675 South Academy Boulevard
    Colorado Springs, CO 80906
    Position: Advancing Academic Achievement Faculty;

20. Northeastern University
    360 Huntington Avenue
    Boston, MA 02115
    Position: Assistant Teaching Professor – Graduate School of Education;

21. University of Wisconsin Madison
    21 North Park Street, Suite 5101
    Madison, WI 53715-1218
    Position: Teacher Education Assessment Coordinator;

22. Touro University Nevada
    874 American Pacific Drive
    Henderson, NV 89014
    Position: Associate Professor – School of Education;

23. Whitewater High School
    534 South Elizabeth Street
    Whitewater, WI 53190
    Position: Assistant Principal;

24. Central New Mexico Community College
    525 Buena Vista Drive SE
    Albuquerque, NM 87106
    Position: Faculty – Education;

25. Appalachian State University
    287 Rivers Street
    Boone, NC 28608
    Position: Faculty – Higher Education;

26. Fortune School of Education
    2890 Gateway Oaks Drive
    Sacramento, CA 95833
    Position: Coordinator of Teacher Education;

27. Greenfield Community College
    1 College Drive
    Greenfield MA 01301
    Position: Philosophy of Education;

9

28. WPS Health Solutions
    1717 West Broadway
    Monona, WI 53713
    Position: Human Resources/Creative Director;

29. University of Wisconsin Extension
    432 North Lake Street
    Madison, WI 53706
    Position: Instructional Designer;

30. Northwest Passage, Ltd.
    203 United Way Drive
    Frederic, WI 54837
    Position: Expressive Arts Teacher;

31. Northland College
    1411 Ellis Avenue South
    Ashland, WI 54806
    Position: Assistant Professor of Teacher Education;

32. Wisconsin Indianhead Technical College (WITC)
    505 Pine Ridge Drive
    Shell Lake, WI 54871-8727
    Position: Director, Career Prep and K12 Relations;

33. University of Wisconsin System
    1700 Van Hise Hall
    1220 Linden Drive
    Madison, WI 53706
    Position: Associate Advisor (Department of Academic Advising);

34. Saint Mary's University of Minnesota
    700 Terrace Heights
    Winona, MN 55987
    Position: Educational Developer, Teaching and Instruction;

35. Northland College
    1411 Ellis Avenue South
    Ashland, WI 54806
    Position: Assistant Director of Admissions;

36. University of Wisconsin Superior
1605 Catlin Avenue
Superior, WI 54880
Position: Visiting Professor – Teacher Education;

37. American InterContinental University (AIU)
231 North Martingale Road
Schaumburg, IL 60173
Position: Administrative Faculty;

38. Spooner High School
801 County Highway A
Spooner, WI 54801
Position: Dean of Students;

39. University of Wisconsin Superior
1605 Catlin Avenue
Superior, WI 54880
Position: Adjunct Lecturer/Senior Lecturer; and

40. Big Foot High School
401 Devils Lane
Walworth, WI 53184
Position: Dean of Students/Assistant Principal.

Please see documents Bates-stamped SWANSON000001-000099.

**INTERROGATORY NO. 8.** Identify all income you have received, by source, date and amount, from November 2014 to the present and identify for each the employer, the rate of pay, hours of work and all employment benefits (such as health insurance, vacation time, etc.) you received.

**RESPONSE:** Plaintiff responds as follows:

1. National-Louis University - $11,880.00
12000 Park Place, #100
Milwaukee, WI 53224
Rate of Pay: Adjunct rate (approximately $1,500.00/credit hour)
Employment Benefits: None; and

11

    2.    Northwest Passage, Ltd. - $53,940.90 (to date)
203 United Way Drive
Frederic, WI 54837
Rate of Pay: $40,000.00/year at hire; currently: $42,000.00/year
Hours of Work: 7:00 a.m. to 3:30 p.m.
Employment Benefits: Health insurance.

INTERROGATORY NO. 9. Identify and describe in detail whether you have ever made any complaints or charges of discrimination or harassment against any other employer(s) besides the Complaint that is at issue in the present matter. If so, please identify the name of the employer, when and in what forum the complaint or charge was made, the case or charge number assigned to the complaint by court or government agency, the basis for the complaint or charge and the outcome of the complaint.

RESPONSE: Plaintiff has not made any complaints or charges of discrimination or harassment against any other employers.

REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1. All documents, including emails, journals, diaries, calendars, appointment books, agendas, notebooks and notes written or maintained by you, which relate in any manner to the claims alleged in your Complaint.

RESPONSE: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any general or specific objections, please see documents Bates-stamped SWANSON000001-000282.

REQUEST NO. 2. Documents relating to applicants who allegedly were similarly situated to you, but treated more favorably than you.

RESPONSE: Plaintiff objects to this Request as the documents requested are in Defendant's possession and therefore discoverable from a more convenient and less burdensome source. Subject to and without waiving these and general objections, Plaintiff has no documents in his possession, other than those previously produced by Defendant in this matter.

REQUEST NO. 3. All documents relating to your efforts to seek employment from November 2014 to present date, including, but not limited to, any resumes, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements or contracts, job advertisements or postings, rejection letters and any other communications with any employer.

RESPONSE: Please see documents Bates-stamped SWANSON000001-000099.

REQUEST NO. 4. All documents relating to any income or other compensation received by you, including, but not limited to, any offers letters, employment agreements or contracts, independent contractor arrangements, consulting agreements, paychecks, paystubs, invoices, settlement payments, statements of work, Form W2s, Form 1099s, social security benefits, social security disability benefits, unemployment insurance benefits, worker's compensation benefits and long-term or short-term disability benefits from November 2014 to present.

RESPONSE: Please see documents Bates-stamped SWANSON000100-000230.

13

REQUEST NO. 5. All documents relating to your claim for damages and other relief, including the calculation of damages.

RESPONSE: Please see documents Bates-stamped SWANSON000100-000230.

REQUEST NO. 6. All documents relating to your efforts to mitigate the damages resulting from alleged discrimination under the ADEA.

RESPONSE: Please see documents Bates-stamped SWANSON000100-000230.

REQUEST NO. 7. All documents that you referred to, relied upon, consulted or used in any way to draft the Complaint, your Initial Disclosures and your responses to Defendant's discovery requests.

RESPONSE: Please see documents Bates-stamped SWANSON000231-000282.

REQUEST NO. 8. All documents concerning any current or past grievance, charge, lawsuit or other legal action in which you are a named party including, but not limited to, any criminal or discrimination matters.

RESPONSE: Plaintiff is not in possession of any such documents.

REQUEST NO. 9. All documents you obtained from any person related to the allegations in the Complaint, including, but not limited to, any written statements, affidavits, declarations, notes or sworn testimony.

RESPONSE: Plaintiff objects to this Request to the extent that it seeks documents protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving this or general objections, Plaintiff has no such documents in his possession.

REQUEST NO. 10. All documents you intend to use as exhibits in the above-captioned matter.

RESPONSE: Plaintiff objects to this Request on the grounds that it seeks information protected by the attorney-client privilege or the work product doctrine. Subject to and without waiving any general or specific objections, discovery is ongoing at this time. Plaintiff will provide a list of exhibits in accordance with the Court's Preliminary Pretrial Conference Order.

REQUEST NO. 11. All documents concerning any and all communications or interactions between you or someone acting on your behalf and any current or former employee, manager, owner, agent or representative of Epic, concerning any matter raised in your Complaint.

RESPONSE: Please see documents Bates-stamped SWANSON000231-000282.

REQUEST NO. 12. All documents you took or retained from Epic.

RESPONSE: Please see documents Bates-stamped SWANSON000231-000282.

[the remainder of this page is intentionally left blank]

15

AS TO ANSWERS TO INTERROGATORIES:

Scott Swanson

Subscribed and sworn to before me
This __14th__ of July, 2017.

Notary Public, State of Wisconsin
My Commission Expires: __12/18/2020__



JACOB LUNDQUIST
Notary Public
State of Wisconsin

AS TO OBJECTIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Dated this 14th day of July, 2017.

HAWKS QUINDEL, S.C.
*Attorneys for Plaintiff, Scott Swanson*

By: __/s/ Nicholas E. Fairweather__
Nicholas E. Fairweather, State Bar No. 1036681
E-mail: nfairweather@hq-law.com
Colin B. Good, State Bar No. 1061355
Email: cgood@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
E-mail: cmadden@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Fax: 608/256-0236

16