# Exhibit A

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT SWANSON,

   Plaintiff,

             Case No. 16-cv-705

 v.

EPIC SYSTEMS CORPORATION,

   Defendant.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR ADMISSION, INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

   Defendant Epic Systems Corporation ("Defendant" or "Epic") by its attorneys, Michael
Best & Friedrich LLP, responds to Plaintiff's First Set of Requests for Admission, Interrogatories
and Requests for Production of Documents as follows:

<u>**REQUESTS FOR ADMISSION**</u>

   **Request No. 1**:  Admit that Plaintiff, Scott Swanson, is over forty (40) years old.

   **Response**:  Epic admits this Request.

   **Request No. 2**:  Admit that Plaintiff was qualified for the trainer position for which he
applied on October 5, 2014.

   **Response**:  Epic denies this Request.

   **Request No. 3**:  Admit that Defendant rejected Plaintiff's application for the trainer
position on or around November 17, 2014.

   **Response**:  Epic admits this Request.

   **Request No. 4**:  Admit that Defendant has not employed Plaintiff as a trainer at any point
in time.

   **Response**:  Epic admits this Request.

**Request No. 5**:  Admit that the trainer position remained open after Defendant decided not to employ Plaintiff as a trainer.

**Response**:  Defendant objects that this Request is vague and ambiguous in its reference to "remained open after."  Subject to and without waiving this objection, Epic admits that at the time it decided not to employ Swanson, it did not immediately fill the position with another candidate.

## INTERROGATORIES

**Interrogatory No. 1**:  If your response to any of Plaintiff's First Set of Requests for Admission is anything other than an unqualified admission, state in detail the factual basis for each denial or partial denial of that Request.

**Response**:  As to Request No. 2, Epic determined that Plaintiff was not qualified for the trainer position because Plaintiff had an unsatisfactory work history, which included significant gaps in employment, and his other qualifications and performance measures were not strong enough to overcome his inadequate work history.

**Interrogatory No. 2**:  State the name, address and telephone number of all persons providing information used to answer these interrogatories and/or each person who assisted, was consulted by or communicated with you with respect to the preparation of these interrogatories. For each person, identify the specific interrogatory number or numbers for which that person provided information or assistance.

**Response**:  Defendant objects that this Interrogatory is overbroad and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case.  For instance, this Interrogatory seeks contact information of those providing only secretarial support. Defendant also objects that the information sought through this Interrogatory encompasses attorney-client communication, attorney work-product, and trial preparation materials. Requesting the disclosure of persons who participated in answering written discovery requests goes beyond the bounds of permissible discovery. Defendant further objects to this Interrogatory to the extent it seeks contact information for current employees of Defendant. Current employees who participated in any of the decisions challenged in the Complaint can be contacted through counsel

for Defendant.  Subject to and without waiving these objections, Allison Stroud, Jennifer

Peterson, and counsel for Epic assisted in compiling these discovery responses.

> **Interrogatory No. 3**:  State the name, address and telephone number of all persons
> providing information used in Defendant's June 29, 2015, position statement to the Equal
> Rights Division and/or each person who assisted, was consulted by or communicated with
> regarding the preparation of that document.

**Response**:  See objections to Interrogatory No. 2.  Subject to, and without waiving, these

objections, Allison Stroud, Jennifer Peterson, Tanya Bui, Molly Miller, Kathy Hendrickson, Kristi

Menninga, Linda Warren, and counsel for Epic assisted in compiling the June 29, 2015 position

statement.

> **Interrogatory No. 4**:  State the average age of Epic employees in the state of Wisconsin
> on the date these interrogatories are answered and the average age of Epic employees in
> the state of Wisconsin as of January 1st of each year since 2012.

**Response**:  Defendant objects that this Interrogatory, which spans over five years for

individuals employed in positions unrelated to the trainer position,  is vastly overbroad and

unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of

the case.  For instance, this Interrogatory is not limited to employees in the trainer position but all

of Epic's employees who are not similarly situated to Plaintiff. *Rubinow v. Ingelheim*, 2010 WL

1882320, at *6 (D. Conn. May 10, 2010) (discovery in disparate treatment cases brought by a

single employee is limited to information regarding employees similarly situated to the plaintiff);

*Scales v. J.C. Bradford and Co*., 925 F.2d 901, 907 (6th Cir. 1991)(unless a plaintiff can show a

specific need for information on a broader scale, a court may limit the scope of discovery to the

plaintiff's decisional unit, if that can be readily determined).  Moreover, Plaintiff cannot pursue a

disparate impact claim—as the ADEA does not recognize disparate impact claims for applicants,

*Villareal v. R.J. Reynolds Tobacco Co.,* 2016 WL 5800001 (11th Cir. Oct. 5, 2016) (holding that

applicants are ineligible to pursue disparate impact claims under the ADEA)—but rather can only

pursue a disparate treatment claim that he was not hired for the trainer position based on his age. Thus the average age of all of Epic employees is irrelevant to the subject matter of this action. Defendant further objects that this Interrogatory is vague and ambiguous in its reference to employees in the "state of Wisconsin" as it is unclear whether this pertains to Epic employees who work in Wisconsin only, or if it includes individuals who work in Wisconsin for a portion of the time. Based on these objections, Defendant will not answer this Interrogatory.  Defendant will consider a revised, tailored interrogatory, which seeks information that is relevant and proportional to the needs of the case.

> **Interrogatory No. 5**:  State the average age of Epic employees in the state of Wisconsin who are employed as trainers on the date these Interrogatories are answered and the average age of Epic employees who are employed as trainers as of January 1st of each year since 2014.

> **Response**:  Defendant objects that this Interrogatory, which spans over five years for

individuals employed in positions unrelated to the trainer position,  is vastly overbroad and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case.  Defendant further objects that this request is vague and ambiguous in its reference to "trainer" as Epic employs different types of trainers, which may not be relevant to the specific trainer position that Plaintiff applied for. As stated above, Plaintiff was an applicant, not an employee, and therefore cannot pursue a disparate impact claim—as the ADEA does not recognize disparate impact claims for applicants, *Villareal v. R.J. Reynolds Tobacco Co.,* 2016 WL 5800001 (11th Cir. Oct. 5, 2016) (holding that applicants are ineligible to pursue disparate impact claims under the ADEA)—but rather can only pursue a disparate treatment claim that he was not hired for the trainer position based on his age. Thus the average age of Epic's trainers is irrelevant to the subject matter of this action.  Based on these objections, and without waiving them, Defendant will not answer this Interrogatory, but does produce documents herewith

4

showing the list of trainers as of August 12, 2015 (includes dates of hire and dates of birth), list of trainers that were hired from December 1, 2012 to November 30, 2014 (including dates of hire and date of birth) but who are no longer trainers at Epic, and list of trainer applicants who visited the Epic campus from December 1, 2012 to November 30, 2014 who were ultimately rejected (identified by application date and graduation date).

**Interrogatory No. 6**:  Identify the number of Epic employees in the State of Wisconsin in each of the following groups as of October 2014:

1.  Over 40;
2.  Under 40;
3.  Males over 40;
4.  Females over 40;
5.  Males under 40;
6.  Females under 40; and
7.  Employees over 40 employed as a trainer.

**Response**:  Defendant objects that this Interrogatory is overbroad and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case.  Plaintiff cannot pursue a disparate impact claim (as the ADEA does not recognize disparate impact claims for applicants) but rather a disparate treatment claim. Further, the number of all employees broken down by age and gender is irrelevant. Based on these objections, Defendant will not answer this Interrogatory, except, as noted above, Epic is producing a document showing the list of trainers as of August 12, 2015 (including dates of hire and dates of birth).

**Interrogatory No. 7**:  Identify the number of Epic employees in the State of Wisconsin in each of the following groups as of the date these Interrogatories are answered:

1.  Over 40;
2.  Under 40;
3.  Males over 40;
4.  Females over 40;
5.  Males under 40;
6.  Females under 40; and
7.  Employees over 40 employed as a trainer.

**Response**:  See response to Interrogatory No. 6.

**Interrogatory No. 8**:  State the percentage of candidates who applied for the trainer position and advanced to an on-campus interview to whom Epic did not offer the position from January 1, 2012, to the present.

**Response**:  Defendant objects that this Interrogatory, which encompasses five years, is overbroad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case.  Again, Plaintiff cannot pursue a disparate impact claim (as the ADEA does not recognize disparate impact claims for applicants) but rather a disparate treatment claim. Defendant further objects that this request is vague and ambiguous in its reference to "trainer" as Epic employs different types of trainers, which may not be relevant to the specific trainer position that Plaintiff applied for. Subject to and without waiving these objections, Defendant is producing documents herewith which show the number of candidates who applied for trainer positions from December 1, 2012 through November 30, 2014, were advanced to the on-campus interview, and whether they were offered or not offered a trainer position.

**Interrogatory No. 9**:  Identify the individuals from your response to Interrogatory No. 8 and please provide the name, age, gender, job history, current employment status, compensation history, and professional qualifications for each such individual.

**Response**:  Defendant incorporates its objections to Interrogatory No. 8 herein. Additionally, the gender of said applicants is irrelevant as Plaintiff is not pursuing a sex discrimination claim.  Furthermore, because Epic does not request the age of applicants, as to applicants, the entire Interrogatory cannot lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant will produce, upon entry of a mutually agreeable protective order, job applications in its possession (redacting names and private information), showing education and employment history, for all applicants who advanced to an on-campus interview from December 1, 2012 to November 30, 2014, who were not hired for the

trainer position.  Defendant will also produce, upon entry of a mutually agreeable protective

order, job applications during the noted period for applicants who were not offered a trainer job,

but were hired into different roles at Epic.  Defendant is not producing irrelevant documents

maintained with the job application materials, which pertain to the Fair Credit Reporting Act.

**Interrogatory No. 10**:  Identify all individuals employed as a trainer in the state of
Wisconsin during the period from January 1, 2012, through the present and specify the
age, gender, job history, current employment status, compensation history, and
professional qualifications for each such individual.

**Response**:  Defendant objects that this Interrogatory is overbroad and unduly burdensome,

and seeks information that is neither relevant nor proportional to the needs of the case.  Defendant

further objects that these individuals' names, gender, current employment status, and

compensation history are irrelevant to the case at hand.  Defendant further objects that this

Interrogatory requests information already in Plaintiff's possession, such as the list produced to

the Wisconsin Equal Rights Division concerning all current trainers and their hire dates and dates

of birth.  Subject to this objection, and without waiving it, Defendant will produce, upon entry of

a mutually agreeable protective order, job applications (redacting names and private information)

in its possession for individuals hired as trainers from December 1, 2012 to November 30, 2014.

Defendant will also produce, upon entry of a mutually agreeable protective order, job applications

during the above-noted period for those who were offered positions as trainers but did not accept

the job offers.

**Interrogatory No. 11**:  State the qualifications for employment as a trainer at Epic as of
October 1, 2014.

**Response**: Epic considers a variety of factors when assessing whether one is qualified to

be a trainer or any other position at Epic.  Minimum qualifications for the trainer position include,

but are not limited to: bachelor's degree with a minimum grade point average of 3.2, strong

communication skills, meets all assessment requirements, passes the training panel, a history of academic and professional success without a poor and/or jumpy work history, and is legally authorized to work in the United States.  Epic is very selective when determining whether a candidate is qualified for any position as only approximately one to two percent of individuals who submit employment inquiries to Epic are hired.

**Interrogatory No. 12**:  Describe each criterion relied upon by Defendant in assessing Plaintiff's eligibility and qualifications for the trainer position as of October 1, 2014, and state all the reasons why Plaintiff failed to satisfy any such criterion.

**Response**:  See response to Interrogatory No. 1. Epic determined that Plaintiff was not qualified for the trainer position because Plaintiff had an unsatisfactory work history, which included significant gaps in employment, and his other qualifications and performance measures were not strong enough to overcome his inadequate work history.

**Interrogatory No. 13**:  Identify the individuals who applied for the trainer position to which Plaintiff also applied and specify the age, gender, job history, current employment status, and professional qualifications for each such individual.

**Response**:  See objections to Interrogatory Nos. 8 and 9. Epic also objects to this Interrogatory as being vague because it incorrectly presupposes that there was only one trainer position available. Subject to and without waiving these objections, see response to Interrogatory Nos. 9 and 10.

**Interrogatory No. 14**:  Identify the individual(s) who Defendant hired into the trainer position for which Plaintiff also applied.

**Response**:  See response to Interrogatory No. 13.

**Interrogatory No. 15**:  Identify the individual(s) who interviewed Plaintiff during his application process for the trainer position in October and November 2014, including the three individuals to whom Plaintiff presented on October 31, 2014.

**Response**:  Defendant objects that the individuals who interviewed Plaintiff were not the decision-makers in determining whether to hire Plaintiff, that the decision to reject Plaintiff was not based upon his presentation, and therefore their identities are not relevant and asking them to be identified is designed solely to harass and annoy them.  Rather, the Recruiting Director, Allison Stroud, made the decision that Plaintiff was not qualified for the trainer position because Plaintiff had an unsatisfactory work history, which included significant gaps in employment, and his other qualifications and performance measures were not strong enough to overcome his inadequate work history.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**:  All documents identified in, referenced in, or relied upon in answering Plaintiff's First Set of Interrogatories.

**Response**:  Such documents are produced herewith and/or will be produced upon entry of a mutually agreeable protective order.

**Request No. 2**:  Any and all documents memorializing statements, including declarations, of witnesses, potential witnesses, or persons interviewed in connection with this case.

**Response**:  Defendant objects to this Request, in that it seeks the production of attorney work product and attorney-client privileged information.  Subject to this objection, Epic responds that it does not possess any non-privileged documents responsive to this Request.

**Request No 3**:  All documents memorializing job descriptions for the trainer position during the period from January 1, 2012, to the present.

**Response**:  Defendant objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant, as the Requests seeks documents created and/or used before and after Plaintiff applied to the trainer position. Subject to, and without waiting this objection, a copy of the trainer position description is in Plaintiff's possession, as it

was submitted with Epic's June 29, 2015 position statement to the Wisconsin Equal Rights

Division, which is produced herewith.

> **Request No. 4**:  All documents comprising the complete personnel record of Plaintiff,
> including, but not limited to, his employment application and all documents and writings
> (including drafts) that were used to determine his qualifications for employment,
> compensation, and ineligibility for the trainer position.

> **Response**:  Plaintiff does not have a "personnel record" as he was never employed by

Epic.  To the extent Plaintiff is requesting his application materials, Defendant objects as these

documents are already in Plaintiff's possession, as they were submitted to Plaintiff with Epic's

June 29, 2015 position statement to the Wisconsin Equal Rights Division.  Subject to and without

waiving such objections, responsive documents are produced herewith and/or responsive

documents that contain confidential and/or proprietary information will be produced upon entry

of a mutually agreeable protective order.

> **Request No. 5**:  All documents and electronically stored information that relate to
> conversations or communications, either oral or written (including e-mail messages),
> between any Epic employee regarding or referring to Plaintiff from October 2014 to the
> present.

> **Response**:  Defendant objects that this Interrogatory is overbroad and unduly burdensome,

and seeks information that is neither relevant nor proportional to the needs of the case.  Defendant

further objects that this Request seeks attorney-client privileged, work product, and trial

preparation documents.  Subject to and without waiving these objections, non-privileged,

responsive documents, if any, will be produced.

> **Request No. 6**:  All handbooks, personnel policies, procedures, manuals, and other
> documents (including drafts) describing in any way Defendant's personnel policies and
> procedures on hiring, employment agreements, terminations, reductions in force, layoffs,
> discipline, employee benefits, job performance, performance evaluations, and salary and
> benefit administration from January 1, 2012, to the present, including all supervisory or
> procedure manuals that may or may not be disseminated to employees.

**Response**:  Defendant objects that this Interrogatory is grossly overbroad and unduly

burdensome, and seeks information that is neither relevant nor proportional to the needs of the

case.  First, this Request encompasses over a five year period, while Plaintiff applied for and was

rejected from consideration for employment at Epic within a few weeks' time in 2014.  Moreover,

Plaintiff pursues an age discrimination claim as a rejected applicant *not* as an employee; therefore,

any document, policy, agreement, procedure related to employees is wholly irrelevant to the

subject matter of this case.  Based on these objections, Defendant will not produce documents in

response to this Request.  Defendant will consider a revised, tailored interrogatory, which seeks

only documents that are relevant and proportional to the needs of the case.

**Request No. 7**:  All written or recorded documents, affidavits, statements or other
recording(s) of any individuals with knowledge of facts that relate to the allegations,
claims and/or defenses that Defendant may advance in this case.

**Response**:  Defendant objects that this Request seeks attorney-client privileged and/or

work product doctrine and trial preparation materials. Subject, and without waiving this objection,

Defendant does not possess any non-privileged documents responsive to this Request.

**Request No. 8**:  All applications Defendant received for any open or available trainer
position from January 1, 2012, to the present.

**Response**:  Defendant objects that this Request, which encompasses five years, is grossly

overbroad and unduly burdensome, and seeks information that is neither relevant nor proportional

to the needs of the case.  Indeed, this request seeks applications from thousands of individuals—

the vast majority of which would not excel to an interview and/or be hired.  Indeed, only

approximately one to two percent of individuals who submit employment inquiries to Epic are

hired.  Defendant further objects that this request is vague and ambiguous in its reference to

"trainer" as Epic employs different types of trainers, which may not be relevant to the specific

11

trainer position that Plaintiff applied for. Based on these objections, and without waiving them,

see Defendant's response to Interrogatory Nos. 9 and 10.

>**Request No. 9**:  A list of all documents which are being withheld from production by
>virtue of any asserted privilege of non-production or for any other reason. This list should
>identify each document by its name, date, author and recipient and specify the reason for
>withholding it from production.

>**Response**:  After Epic received Mr. Swanson's ERD complaint, Attorney Kaija Hupila

created notes and communicated via email regard the claim. These notes and communications are

potentially responsive to Document Request Nos. 5 or 7, but are privileged under the work

product and attorney-client communication privileges. Additionally, Epic has had ongoing

communications with counsel of record, all of which are privileged under the attorney-client

communication privilege.

As to the objections and the responses to the Requests to Admit and for Production of

Documents:

Dated this 23rd day of January 2017.

**MICHAEL BEST & FRIEDRICH LLP**

By:  s/Holly E. Courtney
  Amy O. Bruchs, State Bar No. 1021530
  Holly E. Courtney, State Bar No. 1081696
  One South Pinckney Street, Suite 700
  P.O. Box 1806
  Madison, WI  53701-1806

*Attorneys for Defendant Epic Systems Corporation*

## VERIFICATION

    I, Allison Stroud, verify Defendant's Responses to Plaintiff's First Set of Interrogatories. The responses were prepared with the assistance of counsel upon which I have relied.  The responses, subject to inadvertent and undiscovered errors, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparation of those responses.  Consequently, I reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made or that more accurate information is available.  Subject to the limitations set forth herein, the responses are true to the best of my knowledge, information and belief.

    Dated this 23rd day of January, 2017.

*Allison Stroud*

031105-0018\20217699.4

13

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2017, I caused a true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents and responsive documents to be served on counsel for Plaintiff Scott Swanson via email:

**Hawks Quindel, S.C.**
Nicholas E. Fairweather:  nfairweather@hq-law.com
Colin B. Good:  cgood@hq-law.com
Caitlin M.Madden:  cmadden@hq-law.com
P. O. Box 2155
Madison, WI  53701-2155


 s/ Holly E. Courtney
Holly E. Courtney

14